1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

9 Richard D Ford,                                        No. CV-17-00159-PHX-DLR

10                   Petitioner,                         **ORDER**

11 v.

12 Barbara Broderick, et al.,

13                   Respondents.

14

15

16          Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge

17 David K. Duncan (Doc. 13) regarding Petitioner's Amended Petition for Writ of Habeas

18 Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 10). The R&R recommends that the

19 petition be denied and dismissed with prejudice. The Magistrate Judge advised the

20 parties that they had fourteen days from the date of service of a copy of the R&R to file

21 specific written objections with the Court. Petitioner filed an objection to the R&R on

22 April 30, 2018 (Doc. 14), Respondents filed their response on May 4, 2018 (Doc. 15),

23 and Petitioner filed a motion for leave to file a reply to the response on May 14, 2018

24 (Doc. 16). The Court grants Petitioner's motion for leave to file a reply and has

25 considered that reply in entering this order.

26          The Court has considered the objections and reviewed the R&R de novo. *See* Fed.

27 R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo

28 determination of those portions of the R&R to which specific objections are made).

The Magistrate Judge found that the petition was untimely filed. Petitioner was sentenced in July 2012 and did not file a petition for post-conviction relief within the time required under state law, October 2012. Instead he filed an untimely petition for post-conviction relief on January 7, 2013. His conviction became final at that time and the one-year statutory limitation imposed on federal habeas petitions began to run in October 2012. Petitioner was required to file his habeas petition in this Court by October 2013. Instead, he filed his petition in January 2017, more than three years past the one-year statutory limitation.

Although Petitioner attempted to initiate post-conviction relief, the state superior court determined that it was untimely. The untimely petition did not toll the limitations period because it is treated as improperly filed, as though it never existed for purposes of the AEDPA. *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).

Petitioner's objections include three arguments, which appear to have been made for the first time. Although he does not identify them as such, his first two arguments appear to seek a finding that he is entitled to equitable tolling of the limitations period. The Court will not consider an argument raised for the first time in an objection to an R&R. Even if the Court were to consider his new arguments, however, they would fail. To make a showing that he is entitled to equitable tolling, Petitioner must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has shown neither.

In his first argument, Petitioner alleges that the delay in filing the petition for post-conviction relief was caused by improper advice of his attorney. He alleges that his trial attorney told him that he had no right to file a petition for post-conviction relief. But in his state court petition for post-conviction relief, filed on January 7, 2013, Petitioner explained that the petition was untimely because "I was coerced under duress into signing a plea agreement." (Doc. 11-1 at 42.) There was no mention in his state court petition or in his habeas petition that his untimely filing was caused by his attorney's bad advice.

1    Allegedly being coerced into signing a plea agreement is not an extraordinary

2    circumstance that prevented Petitioner from filing a timely petition.

3            Likewise, Petitioner has not shown that he diligently pursued his rights.  After the

4    superior court dismissed his December 2012 notice of post-conviction relief as untimely,

5    Petitioner filed nothing to challenge his convictions or sentences for over three years.

6    Petitioner has not shown that he diligently pursued his rights or that extraordinary

7    circumstances exist.  He therefore is not entitled to equitable tolling.

8            Petitioner's  next equitable tolling argument is that the limitations period for filing

9    his petition for post-conviction relief should be tolled because Arizona law is ambiguous

10   on "what step procedurally follows the dismissal of a notice of PCR."  Petitioner argues

11   that the time should be tolled because he did not know what to file and because he

12   incorrectly, but innocently, filed "a notice of PCR requesting counsel, not a petition for

13   post-conviction relief."  But the filing of a request for counsel couched as a petition for

14   post-conviction relief does not toll the limitations period.  Even accepting the premise of

15   Petitioner's argument that he was confused about what to file and that, when he filed the

16   petition for post-conviction relief, he thought he was filing a request for the appointment

17   of counsel, the objection is not well-taken.  There is no ambiguity in Arizona law about

18   the deadline for filing a petition for post-conviction relief, and Petitioner does not argue

19   otherwise.   Petitioner's "request for the appointment of counsel" was filed well after the

20   petition for post-conviction relief deadline.  A request for appointment of counsel does

21   not add time to the limitations period and certainly does not add time after the fact.  There

22   is no ambiguity in Arizona law and there is no basis for finding either an extraordinary

23   circumstance or that Petitioner diligently pursued his rights.

24           Lastly, Petitioner argues that his sentence is not final because it includes lifetime

25   probation, which could be revoked.  According to his argument, the limitations period

26   therefore has not started to run.  Convictions, however, become "final by the conclusion

27   of direct review or expiration of the time for seeking such review[.]"  28 U.S.C. §

28   2244(d)(1)(A).  The time to bring a habeas petition for any claim arising out of a

probation-revocation proceeding is after that proceeding occurs. There are constitutional procedural and substantive limits on the revocation of probation. *Black v. Romano,* 471 U.S. 606 (1985).

In sum, the Magistrate Judge correctly found that Petitioner is not entitled to equitable tolling. The arguments Petitioner raises for the first time in his objection are untimely and do not establish the facts necessary to warrant equitable tolling. The Court therefore accepts the recommended decision within the meaning of Federal Rule of Civil Procedure72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that the R&R (Doc.13) is **ACCEPTED**. Petitioner's Amended Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Amended Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Amended Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable. The Clerk of the Court shall terminate this case.

Dated this 15th day of August, 2018.

Douglas L. Rayes
United States District Judge

- 4 -